Mr. Justice Thacher
delivered the opinion of the court.
Writ of error to ChoctaAV county circuit court.
This case comes up on exceptions to the action of the court below in overruling a demurrer to ttvo special pleas.
The first plea, to which the demurrer was overruled, was, that the plaintiff was not the lawful owner or bearer of the note sued upon at the time of the commencement of the suit. A plea of this kind, and in this form, has already been decided by this court to amount to nothing more than the general issue. Netterville et al. v. Stevens et al. 2 How. 642.
The second plea, to Avhich the demurrer was overruled, avers that the note upon Avhich suit Avas instituted was obtained by duress, and then proceeds to narrate a series of circumstances purporting to set out the mode by which the duress was effected. It is objected to the form .of this plea, that it is double. The details of the circumstances, although various and numerous, constitute but one connected proposition, and tend to raise but one issue, that of duress in the procurement of the note. Such a narrative of circumstances, even if possibly unnecessary, does not vitiate a special plea. Ellis v. Martin, use, &c., 2 S. & M. 187. It is objected to the matter of the plea that it bases the duress upon fears created in the minds of the defendants below, from apprehensions that they were about to be illegally deprived of their property and rights, unless they executed the note in question. In the plea the duress is described to have originated in an illegal issuance of an execution, and levy upon property. A question of this kind was examined in Foshay v. Ferguson, 5 Hill, 154, in Avhich the court says that a man cannot avoid his contract on the ground *22 that it was procured by an illegal distress upon his goods. The old rule was, that one could not avoid his act on the ground that it was procured by the fear of battery, burning his house, taking away or destroying his goods, or the like, because he might have satisfaction by the recovery of damages. 2 Inst. 483. In latex days this rule has been much modified, and the principle admitted that a contract procured by threats and the fear of battery, or the destruction of property, may be avoided on the ground of duress. 5 Hill, 158. The case quoted by counsel, (Sasportas v. Jennings, 1 Bay, 470,) decides that there might be cases where duress of goods would avoid a man’s act, but does not decide that duress of goods, as a general rule, will avoid a contract made by its means. It sustains its opinion upon the reason upon which Lord Coke and Judge Blackstone lay down the general rule, which is, that the party may not have, under some such circumstances, an adequate satisfaction in damages, for the injury; but whenever the person committing the injury has the ability to make recompense, and there exists a prompt and effectual method to compel it, the reason for the exception to the general rule ceases. It might not, also, be going too far to say, that such circumstances may surround a person as to render it urgent and imperative on him to relieve himself by entering into a forced contract of this kind; yet such a situation would be, in point of fact, but a position in which there was an absence of ready and ordinary mode of redress, and therefore relate to the general rule. If, upon all the facts, it appears that the party might have exercised his choice, either to enter into the contract, or to seek and obtain his relief by action, the defence of duress would be bad. The circumstances detailed in this plea do not present such a case of extremity as has been just contemplated, but, on the other hand, show that sufficient and prompt relief could have been controlled.
The judgment of the court below is therefore reversed, the demurrer to the second and third pleas directed to be sustained, and the cause remanded for further proceedings. This court, moreover, while not empowered to make a peremptory order *23 for an amendment, desires to intimate the opinion that the third plea, although insufficient as a plea of duress, contains, in substance, a charge of fraud, and would recommend that leave should be allowed by the court below to the defendant there so to amend the third plea as to bring the merits of the case to issue.